J. S66042/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SHARDAE R. FITZPATRICK, | : | No. 1962 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered April 3, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004931-2015

BEFORE:  STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 14, 2020**

Shardae R. Fitzpatrick appeals from the April 3, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after a jury convicted her of rape of a child – less than 13 years of age, corruption of minors, and two counts of indecent assault – complainant less than 13 years of age.[1]  Appellant was sentenced to an aggregate two to four years' incarceration followed by five years' probation.  We affirm.

The factual history of this case was set forth by the trial court in its Pennsylvania Rule of Appellate Procedure 1925(a) opinion and need not be reiterated here.  (**See** trial court opinion, 1/10/19 at 3-4.)  In sum, appellant was charged with, **inter alia**, the aforementioned crimes arising out of the

---

[1] 18 Pa.C.S.A. §§ 3121(c), 6301(a)(1)(ii), and 3126(a)(7), respectively.

sexual abuse of her cousin ("the victim"), who was a minor under 13 years of age at the time of the abuse.

On November 15, 2017, a jury convicted appellant of the aforementioned crimes. The trial court sentenced appellant to an aggregate two to four years' incarceration followed by five years' probation on April 3, 2018. Appellant filed a post-sentence motion that the trial court subsequently denied.

Appellant filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b). Appellant timely complied. The sentencing court subsequently filed its Rule 1925(a) opinion.

Appellant raises the following issues for our review:

> [1.] Did the [trial] court improperly convict appellant [] where the verdict was contrary to the weight of the evidence at trial?
>
> [2.] Did the prosecutor's comments during closing argument violate Section 5.8 of the [American Bar Association ("ABA")] Standards and unduly prejudice appellant?

Appellant's brief at 2 (full capitalization omitted).[2]

---

[2] We note that appellant initially raised an insufficient evidence claim but now withdraws that issue. (*See* appellant's brief at 8 (stating, "the evidence at trial was, if believed to be credible[,] legally sufficient to support the jury's verdict. After a careful review of the record, [a]ppellant withdraws the argument on this issue.").)

Appellant raises a weight of the evidence claim arguing that the testimony of the victim "was incredible and contradicted in material and substantial ways by other evidence at trial" and that the "un-impeached evidence of [a]ppellant's good character for law-abidingness and peacefulness" may raise reasonable doubt. (*Id.* at 8, 12.)

This court's standard of review when presented with a weight claim is distinct from that applied by the trial court in reviewing the claim in a post-sentence motion.

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Horne*, 89 A.3d 277, 285 (Pa.Super. 2014), citing *Commonwealth v. Widmer*, 744 A.2d 745 (Pa. 2000), *appeal denied*, 102 A.3d 984 (Pa. 2014). The trial court abuses its discretion "where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will." *Horne*, 89 A.3d at 285-286 (citation omitted).

Here, appellant contends the victim's testimony detailing the sexual abuse changed "in disturbing and incredible ways" from his accounts given at his initial disclosure, including the number of instances of sexual abuse and the nature of the sexual abuse. (Appellant's brief at 11.) Appellant argues the "inconsistent and incredible testimony of [the victim,]" "the un-impeached testimony of [appellant's mother] that [the victim] had never before visited her/[a]ppellant's house[,]" and "[a]ppellant's good character evidence" established that the verdict was against the weight of the evidence. (***Id.*** at 12.)

A review of appellant's brief demonstrates that appellant invites us to do nothing more than reassess the victim's credibility and reweigh the evidence in an attempt to convince us to reach a result different than the one reached by the trial court in denying appellant's post-sentence motion. (***See id.*** at 9-12.) This is not the role of an appellate court. ***See Commonwealth v. Clay***, 64 A.3d 1049, 1056 (Pa. 2013) (holding that, the role of the appellate court when addressing a weight claim is to determine if the trial court exceeded its limit of judicial discretion or invaded the province of the jury). Therefore, we decline appellant's invitation to reweigh the evidence.

In her second issue, appellant contends that three comments[3] by the prosecutor during closing argument constituted prosecutorial misconduct under ABA Standards and unduly prejudiced appellant, denying her a fair trial.[4] (Appellant's brief at 12-14.) The three comments can be summarized as: (1) asking the jury to imagine they were the victim talking to his mother about the sexual abuse; (2) mentioning that the victim had a learning disability and an individualized education plan; and (3) remarking that "[m]ost rapists don't hunt on the street, they hunt where they're trusted." (***Id.***; ***see also*** notes of testimony, 11/15/17 at 36, 38, & 46.)

> Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion. In considering this claim, our attention is focused on whether the defendant was deprived of a fair trial, not a perfect one. Not every inappropriate remark by a prosecutor constitutes reversible error. A prosecutor's statements to a jury do not occur in a vacuum, and we must view them in context.

---

[3] We note that appellant also argues that the prosecutor's comment, "Now, with your verdict, you have the opportunity and the power to stand up for [the victim], to hear his voice, tell him he matters, and to come to a just outcome[,]" also constituted prosecutorial misconduct. (Appellant's brief at 14; ***see also*** notes of testimony, 11/15/17 at 46-47.) A review of the record, however, reveals appellant did not object to this comment at the time it was made. (Notes of testimony, 11/15/17 at 47.) Therefore, appellant has waived this issue with regard to this specific comment. ***See Commonwealth v. Sasse***, 921 A.2d 1229, 1238 (Pa.Super. 2007) (stating, "[i]n order to preserve a claim of prosecutorial misconduct for appeal, a defendant must make an objection and move for a mistrial" (citation omitted)), ***appeal denied***, 938 A.2d 1052 (Pa. 2007).

[4] We note that ABA Standard Section 5.8 has been revised and replaced by Section 6.8. ***See Commonwealth v. Clancy***, 192 A.3d 44, 52 n.4 (Pa. 2018).

*Commonwealth v. Bedford*, 50 A.3d 707, 715-716 (Pa.Super. 2012) (*en banc*) (citations and quotation marks omitted), *appeal denied*, 57 A.3d 65 (Pa. 2012).  In order for a claim of prosecutorial misconduct to be successful, appellant must show "the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward [appellant], thus impeding their ability to weigh the evidence objectively and render a true verdict."  *Commonwealth v. Robinson*, 877 A.2d 433, 441 (Pa. 2005) (citation omitted).  Any prejudice the prosecutor's comments may have caused can be cured by the trial court's instruction to the jury that the comments are not to be considered as evidence.  *Commonwealth v. Robinson*, 864 A.2d 460, 519 (Pa. 2004), *cert. denied*, 546 U.S. 983 (2005).

Here, appellant fails to demonstrate how each of these comments prejudiced appellant to the extent they caused the jurors to form a fixed bias and hostility toward appellant that impeded their ability to objectively weigh the evidence and render a true verdict thereby denying appellant a fair trial. (Appellant's brief at 12-14.)  The record reveals the trial court provided a curative instruction following the first and second comments and did not find the third comment to be so inflammatory as to require a curative instruction. (Notes of testimony, 11/15/17 at 36, 38-39 & 46.)  Furthermore, the trial court charged the jury with the instruction that "speeches are not part of the evidence [and y]ou are not to consider them as evidence."  (*Id.* at 51.)  *See*

*Commonwealth v. Elliott*, 80 A.3d 415, 445 (Pa. 2013) (holding, a jury is presumed to have followed the instructions provided by the trial court), *cert. denied*, 574 U.S. 828 (2014).  Based upon the record before us, we can discern no abuse of discretion on the part of the trial court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/20